# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>20-005653-NO<br>Hon. Brian R. Sullivan |

Court address : 2 Woodward Ave., Detroit MI 48226         Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s)<br>Linford, Owen | v | Defendant's name(s), addresses(es), and telephone no(s).<br>Menard, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Robert M. Giroux 47966<br>28588 Northwestern Hwy Ste 100<br>Southfield, MI 48034-8335 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- ☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
- ☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
- ☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- ☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

  been previously filed in ☐ this court, ☐ _____ Court,

  where it was given case number _____ and assigned to Judge _____.

  The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/24/2020 | Expiration date*<br>7/24/2020 | Court clerk<br>Rementa Canyon |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No. : **20-005653-NO** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
                                    Day, date, time
on behalf of _____
_____
Signature

20-005653-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/24/2020 12:02 PM Rementa Canyon

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

OWEN LINFORD,

    Plaintiff,

-vs-

MENARD, INC.,

    Defendant.

_____/

Case No. 20-_____-NO

Hon. _____

ROBERT M. GIROUX (P-47966)
Attorney for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
r.giroux@girouxamburn.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

Plaintiff Owen Linford, by and through his counsel of record, Giroux Amburn PC, states the following for his Complaint:

### PARTIES, VENUE AND JURISDICTION

1.     This litigation arises from a defective condition on Defendant Menard, Inc.'s retail premises, a 12-14-foot-high stack of insulation bundles collapsed on Plaintiff Owen Linford resulting in Mr. Linford, a business invitee, sustained serious personal and bodily injuries in the City of Livonia, Wayne County, Michigan on February 21, 2020. The defective condition existed on Defendant's premises as a result of negligence on the part of Defendant's employees who determined by design or

1

circumstance the manner in which the insulation bundles were going to be made available and/or provided to patrons of the store purchasing such items.

2. At all times relevant to this action, Plaintiff Owen Linford was a resident of the City of Plymouth, Wayne County, Michigan.

3. At all times relevant to this action, Defendant Menard, Inc. was a Wisconsin corporation with its principal place of business in the City of Eau Claire, Eau Claire County, Wisconsin, operating a "big box" retail store location in the City of Livonia, Wayne County, Michigan, where the injury that is the subject of this litigation occurred.

4. In light of the foregoing, venue and jurisdiction are properly vested in this Court.

5. The amount in controversy herein greatly exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

## FACTUAL BACKGROUND

6. In the late morning of February 21, 2020, Plaintiff Owen Linford, a self-employed general contractor, drove to the Menards "big box" store located at 12701 Middlebelt Rd, Livonia, Michigan 48150, intending to purchase insulation.

7. At all relevant times, the Defendant Menard, Inc. was the owner and operator of the subject Livonia Menards retail premises.

8. After purchasing (paying for) insulation, Mr. Lindford was directed by store employee(s) how to drive to a location referred to as the "lumber yard" or "barn" and once there, how to obtain his insulation. Mr. Linford then drove his vehicle into the "lumber yard" or "barn" area of the Menards retail premises.

9. He stopped his vehicle at the stall with insulation, got out of his truck and was presented with a 12-14-foot-high stack of insulation bundles.

10. On information and belief, the stack of insulation bundles was created by the Menards employees and/or agents who stocked the stall. On information and belief, the bundles had been being stacked in essentially the same manner by employees of the Defendant for quite some time.

11. On information and belief, the "lumber yard" or "barn" area of the Menards retail premises has security cameras such that the stack of insulation bundles in the condition Mr. Linford encountered, was readily visible to Menards employees and/or agents monitoring such cameras.

12. On information and belief, the stack of insulation bundles in the condition Mr. Linford encountered it, had been in that state for such a period of time that Defendant is properly deemed to have been on constructive notice of it.

13. There were no employees and/or agents of Defendant Menard, Inc. in the vicinity of Mr. Linford when he pulled up to stall with the stack of insulation bundles. Mr. Lindford was told that if there were no employees present in the area, to "go ahead and grab a bundle" on his own.

14. Mr. Linford grabbed a bundle of insulation out from the 12-14-foot-tall stack and removed it to place it in his vehicle for purchase.

15. After removing this bundle Mr. Linford turned to walk to his vehicle at which time the stack fell and/or collapsed upon Mr. Linford.

16. The condition of the stack of insulation bundles, such that the stack would be rendered unstable and collapse if a bundle was removed, was not and would not be

3

readily apparent to an average user of ordinary intelligence upon casual inspection. Additionally, no instructions, warnings or direction was conspicuously posted in the area.

17. However, the risk of collapse of the stack of bundles would be evident to the employees and/or agents of Defendant Menard, Inc., due to their experience with and responsibility for, stocking and inspecting the condition of such materials, as well as to the Menards employees and/or agents managing and supervising such employees.

18. Mr. Linford was knocked to the ground by the collapsing tower and multiple insulation bundles fell on top of him after the stack collapsed.

19. Immediately thereafter, he experienced excruciating pain in his leg and hip, but no Menards employees and/or agents or other persons were nearby to assist him, and he was eventually able to extricate himself out from underneath the collapsed pile of insulation bundles.

20. Yelling in pain, he was able to get the attention of two young men who were likewise customers of Defendant Menard, Inc., and they then got a store employee to whom he reported what occurred.

21. Owen Linford then drove his vehicle to Henry Ford Hospital.

22. An x-ray revealed a bone chip and a subsequent CT-scan revealed an occult fracture at the top of his femur.

23. He saw his primary care physician on Monday, February 24, 2020 and is currently under the care of several healthcare providers for his continuing care.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Menard, Inc. for an amount greatly in excess of $25,000.00 and in whatever amount is fair, just, and equitable for the injuries and damages so wrongfully sustained by the Plaintiff, including but not limited to all compensatory damages, interest, costs and attorney fees, and other damages as allowed in law or equity.

## COUNT I - PREMISES LIABILITY

24. Defendant Menard, Inc. was the owner and operator of the subject Livonia Menards retail premises where the injury that is the subject of this litigation occurred.

25. Plaintiff Owen Linford Beckman was a business invitee of Defendant Menard, Inc., having driven his vehicle into "lumber yard" or "barn" self-fill area of the Menards retail premises and exited his vehicle in order to obtain and purchase insulation.

26. Defendant Menard, Inc. had actual and/or constructive notice of the defective condition presented by the 12-14-foot-tall stack of insulation bundles because, on information and belief: (1) the stack of insulation bundles was created by and left in the condition Mr. Linford encountered it by the Menards employees and/or agents who stocked the stall; (2) the "lumber yard" or "barn" area of the Menards retail premises has security cameras such that the stack of insulation bundles, in the condition Mr. Linford encountered it, was readily visible to Menards employees and/or agents monitoring such cameras, and/or (3) the stack of insulation bundles, in the condition Mr. Linford encountered it, had been in that state for such a period of time that Defendant is properly deemed to have been on constructive notice of it.

27. The dangers presented by these foregoing conditions were not open and obvious to an average user with ordinary intelligence upon casual inspection. *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993).

28. However, the risk of collapse was and/or would be evident to the Menards employees and/or agents experienced with and responsible for stocking and inspecting the condition of such materials, as well as to the Menards employees and/or agents managing and supervising their work. Additionally, it is believed that employees were working in the subject area on the day of the collapse, prior to the collapse, but not at the time of Mr. Lindford's act in selecting (grabbing) a bundle for himself as directed.

29. Defendant Menard, Inc. breached its duty of reasonable care to its business invitee, Plaintiff Owen Linford, by failing to inspect, note, and remedy the significant hazard presented by the 12-14-foot-tall stack of insulation bundles and its failure to warn Plaintiff of the significant hazard presented thereby. *Hoffner*, 492 Mich at 460.

30. As a direct and proximate result of Defendant Menard, Inc.'s breach of its duty to its business invitee Plaintiff Owen Linford, Mr. Linford sustained significant injuries and damages, including but not limited to: pain and suffering, a bone chip and fracture to the head of his femur, torn tendon, aggravation of his pre-existing back conditions, and other various injuries.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Menard, Inc. for an amount greatly in excess of $25,000.00 and in whatever amount is fair, just, and equitable for the injuries and damages so wrongfully

sustained by the Plaintiff, including but not limited to all compensatory damages, interest, costs and attorney fees, and other damages as allowed in law or equity.

## COUNT II - NEGLIGENCE

31.     Plaintiff hereby restates and realleges all allegations contained in Paragraphs 1 through 30, as though fully set forth herein.

32.     At all times, Defendant, including its agents and employees, owed a duty to Plaintiff and all other similarly situated persons and patrons, to act with ordinary care for the protection and safety of Plaintiff.

33.     Defendant's duty to act with ordinary care was based on the special relationship that existed between Defendant and Plaintiff.

34.     Alternatively, Defendant's duty to act with ordinary care for the protection and safety of Plaintiff was based on Defendant's assumption of a duty as a result of the acts of its employees, supervisors or managers in setting up the method of making insulation bundles available to customers of the store.

35.     Alternatively, Defendant's duty is based upon Defendant's policy and/or practice of suggesting to customers that they drive to the "yard" or "barn" area outside the store and then they themselves grab and load their own insulation.

36.     Based on the foregoing, it was the duty of Defendant to create a reasonable, efficient and safe method of dispensing and/or making available to its customers, bundles of insulation.

37.     Alternatively, it may have been the duty of Defendant to refrain from enlisting customers in the process of getting their own bundles of insulation and/or telling them to get and load their own bundles in a self-service manner.  Upon

information and belief, it was likely the case that some customers would not grab, get or take their own bundles without leaving the total stack of bundles in a precarious or dangerous configuration, as it was when Plaintiff first approached the area.

38. Defendant, through its agents and/or employers, breached its duty to act with ordinary care in the following manner:

   a.  Maintaining a defective and/or dangerous method of dispersing insulation bundles to the public;

   b.  Creating a defective and/or dangerous method of making its insulation available to the customers;

   c.  Asking, requesting and/or enlisting customers to participate in the process of grabbing, getting or taking, in self-serve manner, bundles of insulation;

   d.  Not regularly monitoring the "yard" or "barn" in the area of the insulation bundles;

   e.  Not having posted conspicuous and/or understandable instructions about how customers were to grab, get or take their own bundle and how to leave the stack in a safe condition for future customers;

   f.  Not providing reasonable instructions for doing the above;

   g.  Not having employees in the area to assist and/or supervise;

   h.  Not having an employee regularly check on the area so as to abate or mitigate any problems and/or dangers presented by the stack after each customer takes his or her bundle(s); and

   i.  Other breaches that are known to Defendant based upon Defendant's experience but yet unknown to Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Menard, Inc. for an amount greatly in excess of $25,000.00 and in whatever amount is fair, just, and equitable for the injuries and damages so wrongfully

sustained by the Plaintiff, including but not limited to all compensatory damages, interest, costs and attorney fees, and other damages as allowed in law or equity.

Respectfully submitted,

/s/ Robert M. Giroux
ROBERT M. GIROUX (P-47966)
Counsel for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
r.giroux@girouxamburn.com

Dated: April 24, 2020

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

OWEN LINFORD,

    Plaintiff,

-vs-

MENARD, INC.,

    Defendant.

_____/

Case No. 20-_____-NO

Hon. _____

ROBERT M. GIROUX (P-47966)
Attorney for Plaintiff
28588 Northwestern Highway, Suite 100
Southfield, MI 48034
(248) 531-8665
r.giroux@girouxamburn.com
_____/

## JURY DEMAND

Plaintiff hereby demands a trial by jury on the causes of action alleged in the Complaint.

    Respectfully submitted,

    /s/ *Robert M. Giroux*
    ROBERT M. GIROUX (P-47966)
    Counsel for Plaintiff
    28588 Northwestern Highway, Suite 100
    Southfield, MI 48034
    (248) 531-8665
    r.giroux@girouxamburn.com

Dated: April 24, 2020

20-005653-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/24/2020 12:02 PM   Rementa Canyon